UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL FULLER,<br>　　　　Petitioner,<br>　　v.<br>GISELLE MATTESON,<br>　　　　Respondent. | Case No. 20-cv-01878-JD<br><br>**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**<br><br>Re: Dkt. No. 2 |

Larry Fuller, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee.

## BACKGROUND

Petitioner was found guilty after a jury trial of one count of murder with the special circumstance that the victim was killed to prevent his testimony. *People v. Fuller*, No. A149884, 2018 WL 492705, at *1 (Cal. Ct. App. Oct. 11, 2018). Petitioner was sentenced to a prison term of life without the possibility of parole. *Id*. at 3. The California Court of Appeal affirmed the conviction. *Id*. at 1. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred in admitting evidence of a prior crime to show motive; and (2) trial counsel and appellate counsel were ineffective for failing to challenge the evidence that was obtained from his cellphone in violation of the Fourth Amendment.[1]

It appears that the first claim is exhausted, but the second claim has not been exhausted. Petitioner also requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78.

Petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claim does not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. *See Rhines*, 544 U.S. at 277-78. Petitioner is informed that before he may challenge either the fact or length of his confinement in a habeas petition in this Court, he must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in

---

[1] Sixth Amendment claims based on incompetent representation by counsel with respect to Fourth Amendment issues may be the basis for a habeas action and are not barred by *Stone v. Powell*, 428 U.S. 465 (1976). *See Kimmelman v. Morrison*, 477 U.S. 365, 373-83 (1986).

federal habeas petition must be exhausted).

## CONCLUSION

1. Petitioner's motion for a stay (Docket No. 2) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claim in state court. If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted.

2. The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this Court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claim.

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: May 11, 2020

_____
JAMES DONATO
United States District Judge