1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    LARRY DARNELL FULLER,                    Case No.  20-cv-01878-JD
8                  Petitioner,
9          v.                                 **ORDER LIFTING STAY AND FOR
                                              RESPONDENT TO SHOW CAUSE**
10   GISELLE MATTESON,
11                  Respondent.
12
13         Larry Fuller, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to
14   28 U.S.C. § 2254.  The action was stayed so petitioner could exhaust an additional claim.
15   Petitioner has filed an amended petition and indicates that all claims are now exhausted.
16                                    **BACKGROUND**
17         Petitioner was found guilty after a jury trial of one count of murder with the special
18   circumstance that the victim was killed to prevent his testimony.  *People v. Fuller*, No. A149884,
19   2018 WL 492705, at *1 (Cal. Ct. App. Oct. 11, 2018).  Petitioner was sentenced to a prison term
20   of life without the possibility of parole.  *Id*. at 3.  The California Court of Appeal affirmed the
21   conviction.  *Id*. at 1.  The California Supreme Court denied review.  Amended Petition at 3.  A
22   habeas petition to the California Supreme Court was recently denied.  *Id*.
23                                    **DISCUSSION**
24   **STANDARD OF REVIEW**
25         This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
26   custody pursuant to the judgment of a State court only on the ground that he is in custody in
27   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v.*
28   *Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

United States District Court
Northern District of California

United States District Court
Northern District of California

1    requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of

2    habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

3    must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

4    each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice'

5    pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

6    of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

7    688, 689 (1st Cir. 1970)).

8                                **LEGAL CLAIMS**

9            As grounds for federal habeas relief, petitioner asserts that: (1) the trial court erred in

10   admitting evidence of a prior crime to show motive; and (2) trial counsel and appellate counsel

11   were ineffective for failing to challenge the evidence that was obtained from his cellphone in

12   violation of the Fourth Amendment.[1]  Liberally construed, these claims are sufficient to require a

13   response.

14                                **CONCLUSION**

15           1.       The stay in this case (Docket No. 6) is **LIFTED** and the case is **REOPENED**.  The

16   clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of

17   California at **SFAWTParalegals@doj.ca.gov**.  The clerk also shall serve a copy of this order on

18   petitioner by regular mail.  Respondent can view the amended petition on the electronic docket

19   (Docket No. 7).

20           2.       Respondent shall file with the Court and serve on petitioner, within eighty-four (84)

21   days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

22   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

23   Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

24   trial record that have been transcribed previously and that are relevant to a determination of the

25   issues presented by the petition.

26

27   _____

28   [1] Sixth Amendment claims based on incompetent representation by counsel with respect to Fourth
     Amendment issues may be the basis for a habeas action and are not barred by *Stone v. Powell*, 428
     U.S. 465 (1976).  *See Kimmelman v. Morrison*, 477 U.S. 365, 373-83 (1986).

                                                  2

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

2    Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an

4    answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

5    2254 Cases.  If respondent files such a motion, it is due eighty-four (84) days from the date this

6    order is entered.  If a motion is filed, petitioner shall file with the Court and serve on respondent

7    an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the

8    motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen

9    (14) days of receipt of any opposition.

10    4.    Petitioner is reminded that all communications with the Court must be served on

11    respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep

12    the Court informed of any change of address and must comply with the Court's orders in a timely

13    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

14    to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

15    1997) (Rule 41(b) applicable in habeas cases).

16    **IT IS SO ORDERED.**

17    Dated: February 5, 2021

18

19    _____

20    JAMES DONATO
      United States District Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California